IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HARRY THOMAS,

    Plaintiff,

    v.                                                     No. CIV 10-0607 JP/RHS

CITY OF ALBUQUERQUE,
P. BELLGART,
PUBLIC DEFENDER OFFICE,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint (Doc. 1) and Tort Claim (Doc. 7). The Tort Claim is construed as a supplemental complaint, and the two documents are referred to hereinafter as the "complaint." Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis (Doc. 3). Based on the information in Plaintiff's filings, the Court will grant Plaintiff's motion and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss certain of Plaintiff's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Bellgart, an Albuquerque police officer, injured Plaintiff by using excessive force during an arrest. Plaintiff also alleges that he was denied medical treatment for his injury, and that an unidentified public defender took pictures but later claimed to have lost them. The complaint seeks damages.

No relief is available on Plaintiff's claim of denial of medical treatment. He alleges that, in spite of prompt initial hospital treatment, a month passed before the swelling and bruising completely subsided. These allegations merely state a disagreement "about the course of [Plaintiff's] treatment. This disagreement does not give rise to a claim for deliberate indifference to serious medical needs." *Free v. Unknown Officers of the Bureau of Prisons*, 103 F. App'x 334, 337 (10th Cir. 2004); *and see Baker v. Simmons*, 65 F. App'x 231, 235 (10th Cir. 2003) (quoting *Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993)); *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (same for "diagnostic techniques or forms of treatment"). The Court will dismiss Plaintiff's claim of denial of medical treatment.

Plaintiff's allegations against a state public defender do not support a claim under 42 U.S.C. § 1983. A complaint under § 1983 must allege facts demonstrating the two elements of the statute, *i.e.*, that a federal right was violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element a complaint does not state a claim under § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under

§ 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law."). Because a public defender undertaking a defense does not act under color of state law for purposes of § 1983, *see Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995), the Court will dismiss this claim.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claim for denial of adequate medical treatment and his claim against the New Mexico Public Defender are DISMISSED; and the City of Albuquerque and New Mexico Public Defender's Office are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1 & 7), for Defendant Bellgart.

_____
UNITED STATES DISTRICT JUDGE